UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES IVORY EDGERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:17-cv-2765-JDT-cgc |
| | ) | |
| LISA WEST, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 16, 2017, Plaintiff James Ivory Edgerson, who is incarcerated at FCI La Tuna in Anthony, New Mexico, filed a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns events that occurred at the West Tennessee Detention Facility (WTDF) in Mason, Tennessee, while Edgerson was a federal detainee at the WTDF in custody of the U.S. Marshal Service. (ECF No. 1 at PageID 2.) The Court issued an order on October 26, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Lisa West, WTDF Business Manager; Jeremy Hensley, Assistant Warden; and former WTDF Warden Arvil Chapman.

Edgerson alleges that on June 16, 2017, Defendant West came to the warehouse where Edgerson worked, went through his personal belongings, and threw into the trash his Bible and other items. (ECF No. 1 at PageID 2.) West allegedly was recorded on video throwing away Edgerson's belongings and saying, "I'll worry about going to hell later." (*Id.*) Edgerson alleges that West also reported her actions to Defendants Hensley and Chapman. (*Id.*) Edgerson states he grieved the incident but received no response. (*Id.*) Edgerson alleges he was fired for filing a grievance against West and has not been able to obtain new employment. (*Id.*) He subsequently filed a second grievance about the firing. (*Id.*) Edgerson alleges that "[t]hey stick together (Mrs. West, Warden)." (*Id.*)

Edgerson asserts that Defendant West's actions violated his rights under the First Amendment. (*Id.* at PageID 3.) He sues the Defendants in their official and individual capacities and seeks $3 million in damages. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court

accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Because Edgerson's claims arose while he was a federal detainee at the WTDF, his claims cannot be brought under 42 U.S.C. § 1983, which applies only to deprivations of constitutional rights committed by a person acting under color of *state* law. Therefore, his claims arise, if at all, under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971). *Bivens* provides a right of action against federal employees who violate an individual's

rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Although Edgerson was a federal detainee when the events at WTDF occurred, the WTDF is operated not by federal officials but by CoreCivic, a private prison corporation, and the Defendants in this case are alleged to be CoreCivic employees. The Supreme Court has held that a *Bivens* action may not be brought against private corporations that operate prison facilities housing federal detainees and convicted prisoners. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). Therefore, Edgerson's official-capacity claims, which must be treated as having been brought against CoreCivic, fail to state a valid claim.

The Supreme Court also has declined to extend the *Bivens* remedy to actions brought against "privately employed personnel working at a privately operated federal prison" where the allegedly unconstitutional conduct "is of a kind that typically falls within the scope of traditional state tort law." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012).

Additionally, the Supreme Court recently stated in *Ziglar v. Abbasi* that "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." 137 S. Ct. 1843, 1857 (2017). Thus, when claims arise in a new *Bivens* context, "a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)).

In this case, Edgerson has alleged a First Amendment claim retaliation claim and, although it is not clearly articulated, possibly a First Amendment Free Exercise claim. However, the Supreme Court has never extended a *Bivens* remedy to any First Amendment claim. *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.") Indeed, the *Ziglar* Court noted that in *Bush v. Lucas*, 462 U.S. 367, 390 (1983), it had declined to extend the implied damages remedy of *Bivens* to a First Amendment retaliation claim. *Ziglar*, 137 S. Ct. at 1857.

Given that the Supreme Court has declined to recognize a *Bivens* remedy under the First Amendment in any context, this Court is particularly reluctant to do so in this case involving private prison employees. Therefore, the Court concludes that pursuant to the decisions in *Minneci* and *Ziglar*, Edgerson has no plausible *Bivens* damages remedy against the Defendants in their individual capacities.

For the foregoing reasons, Edgerson's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be

reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Edgerson's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Edgerson in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Edgerson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Edgerson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take

6

advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Edgerson is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Edgerson, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE